**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

SHELIA ROUSE,
                Plaintiff,

                                            1:11-CV-1466
      v.                                        (TJM/DRH)

THOMAS DE LORENZO,
                Defendant.

APPEARANCES

SHELIA ROUSE
Plaintiff pro se
542 Warren Street
Second Floor
Albany, New York   12208

DAVID R. HOMER
U.S. Magistrate Judge

# REPORT-RECOMMENDATION AND ORDER

## I. Background.

Presently before this Court is an application to proceed in forma pauperis and a civil rights complaint filed by Shelia Rouse ("Rouse" or "plaintiff"). Rouse has not paid any fee relating to this action. Dkt. Nos. 1, 2.

Rouse brings this action alleging the named defendant, an attorney, illegally cashed a check given to him by plaintiff for purposes of posting bail. Rouse contends defendant did not provide any service on her behalf and seeks defendant reimburse her the amount of the check. For a complete statement of Rouse's claims, reference is made to the complaint. Dkt. No. 1.

## II.  Initial Screening

The Court has reviewed Rouse' *in forma pauperis* application.  *See* Dkt. No. 2. Because Rouse sets forth sufficient economic need, the Court finds that Rouse qualifies to proceed *in forma pauperis*.

Having found that Rouse meets the financial criteria for commencing this case *in forma pauperis*, the Court must now consider the sufficiency of the allegations set forth in the Complaint in light of 28 U.S.C. §§ 1915(e) and 1915A.  Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*.  See id.

Plaintiff brought this action under 42 U.S.C. § 1983 ("Section 1983").  Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted).  In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law.  *Spear v. Town of West Hartford*, 954 F.2d 63, 68

(2d Cir. 1992); *see also Rounseville v. Zahl*, 13 F.3d 625, 628 (2d Cir. 1994) (noting state action requirement under § 1983). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 941 F.2d 1292, 1295-96 (2d Cir. 1991) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982)). A private defendant may be held liable only as "a willing participant in joint activity with the State or its agents." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) (quoting *United States v. Price*, 383 U.S. 787, 794, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966)). Claims under § 1983 can be brought against private entities by "showing that a person acting under color of state law ... collaborated or conspired with a private person ... to deprive the plaintiff of a constitutional right." *Fries v. Barnes*, 618 F.2d 988, 990 (2d Cir. 1980) (citing *Adickes*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142).

### III.  Discussion

Defendant Thomas DeLorenzo is a private attorney who was apparently retained by Rouse for the purpose of posting bail for Rouse.  Rouse has not alleged that defendant DeLorenzo acted under color of state law or conspired with the State or any of its agents to violate Rouse's constitutional rights.

Furthermore, it is well-settled that private attorneys do not act under color of state law and are not state actors simply by virtue of their state-issued licenses to practice law. See, e.g., Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir.1997) (private attorney not a state actor by virtue of his appointment by the court to represent a defendant in a state criminal

3

proceeding); Fine v. City of New York, 529 F.2d 70, 74 (2d Cir.1975) (private attorney not a state actor); Agron v. Douglas W. Dunham, Esq. & Assocs., No. 02 Civ.10071, 2004 WL 691682, at *3 (S.D.N.Y. Mar.31, 2004) ( "It is well-established that as a matter of law a private attorney is not a state actor." ); Cunningham v. Fisch, 01 Civ. 1123, 2001 U.S. Dist. LEXIS 17483, at *11 (S.D.N.Y. Oct. 26, 2001) (" '[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law' within the meaning of § 1983 ." ') (quoting Polk County v. Davidson, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981)). Sullivan v. Stein, No. Civ. 3:03 CV 1203, 2004 WL 1179351, at *10 (D.Conn. May 21, 2004).

Accordingly, defendant DeLorenzo should be dismissed from this action and the complaint dismissed.

### III. Conclusion

Accordingly, for the above-stated reasons, it is hereby

**RECOMMENDED** that Rouse's complaint be **DISMISSED;** and it is further

**ORDERED** that although Rouse qualifies to proceed *in forma pauperis,* her application is **DENIED** as moot in light of the Court's recommendation that this action be dismissed; and it is further

**ORDERED** that the Clerk serve plaintiff with a copy of this report-recommendation by regular mail, and certified mail, return receipt requested.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen

(14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**SO ORDERED.**

Dated:   December 20, 2011
        Albany, New York

_David R. Homer_
United States Magistrate Judge